**FRANK & ASSOCIATES, P.C.**
Peter A. Romero (PR 1658)
Rashmee Sinha (RS 0329)
500 Bi-County Blvd., Suite 112N
Farmingdale, New York 11735
(631) 756-0400
promero@laborlaws.com
rsinha@laborlaws.com

*Attorneys for Plaintiffs and proposed
Collective Action and Class Action members*       09-CV-04696 (LDW) (MLO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PHILIP COOPER on behalf of himself and
and as class representative of all those
similarly situated,

                                             **FIRST AMENDED**
               Plaintiff,                      **COMPLAINT**

   -against-

                                             **FLSA COLLECTIVE ACTION**
                                             **AND RULE 23 CLASS ACTION**
SLEEPY'S, LLC
              Defendant.                 *Jury Trial Demanded*

-------------------------------------------------------X

       Plaintiff PHILIP COOPER, on behalf of himself and all others similarly situated, by their attorneys, FRANK & ASSOCIATES, PC, alleges as follows:

### INTRODUCTION

    1.    This is a class and collective action brought on behalf of all persons who are or were at all relevant times employed by Sleepy's, LLC (hereinafter "Sleepy's") as salespersons in the State of New York to recover unpaid minimum wages and overtime wages due to them under the FLSA and New York Labor Law, money unlawfully deducted from commissions, and damages for Defendant's failure to provide a daily 30-minute meal period.

1

## NATURE OF THE ACTION

2. Plaintiff seeks to recover unpaid overtime wages that Sleepy's owes him and similarly situated current and former Sleepy's salespersons. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Sleepy's, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

3. Defendant employed Plaintiff and similarly situated individuals throughout New York State as salespersons on a commission basis. Plaintiff and similarly situated salespersons often worked long hours, without a meal period, and not receive the minimum wage and/or overtime wages. In addition, Defendant made unlawful deductions from commissions earned by Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

4. This action arises under the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. §216(b) and the New York State Labor Law. This Court has original federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Plaintiff invokes the supplemental jurisdiction of this Court to consider Plaintiff's state law claims arising under the Labor Law pursuant to 28 U.S.C. §1367.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of New York because Defendant conducts business in this District, Defendant's principal

place of business is in this District, and the acts and/or omissions giving rise to the claims of this action arose in the Eastern District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Defendant Sleepy's, LLC (hereinafter "Sleepy's") is an authorized foreign corporation. Defendant's principal place of business is located at 1000 South Oyster Bay Road, Hicksville, New York 11801. Prior to September 26, 2009 Defendant's principal place of business was located at 175 Central Avenue, South, Bethpage, New York 11714.

8. Upon information and belief, Defendant is the largest specialty mattress retailer and largest bedding retailer in the United States and currently operates approximately 700 showrooms and 5 distribution centers in 11 states and employs over 2,900 employees.

9. Upon information and belief, Sleepy's employs more than two hundred (200) salespersons in the State of New York.

10. Plaintiff, PHILIP COOPER ("Cooper" or "Plaintiff") is a Nassau County resident.

11. Plaintiff was and continues to be employed by Defendant as a showroom salesperson and his duties are representative of the class Plaintiffs alleged herein. As a showroom salesperson, Cooper's primary duty was the sale of mattresses and other bedding items to Sleepy's customers.

12. Plaintiff and other similarly situated employees were compensated almost exclusively on the basis of commissions.

13. The named Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week without receiving overtime compensation.

3

14. Plaintiff brings this action on his own behalf and on behalf of all other former employees similarly situated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff and other similarly situated employees bring the First and Second claims as a collective action on behalf of all salespersons employed by Defendant on or after the date that is three years before the filing of this Complaint in this case, to recover minimum and overtime wages due to them.

16. Defendant improperly classified Plaintiff and other similarly situated employees as exempt under the FLSA.

17. At all relevant times, Plaintiff and the other Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules with respect to recording, crediting, or compensating work performed by its salespersons the State of New York.

18. As a result of Defendant's misclassification of Plaintiff's exempt/non-exempt status, Defendant failed to pay Plaintiff and similarly situated employees overtime pay for hours in excess of forty, in violation of the FLSA.

19. Defendant has willfully failed and refused to pay Plaintiff and other similarly situated employees at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per work week.

20. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

22. Plaintiff brings the Third, Fourth and Fifth Claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt persons employed by Defendant as salespersons at any time during the six years prior to the filing of this Complaint (the "class period").

23. All said persons, including Plaintiff, are referred to herein as the "Class." Other similarly situated employees are readily ascertainable. The number and identity of other similarly situated employees will be determined from records of Defendant. The hours assigned and worked, the positions held, and the commissions paid to each Class member will also be determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses will be readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

24. The proposed Class is so numerous joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, calculation of that number is presently within the sole control of Defendant. Upon information and belief there are more than two hundred (200) members in the proposed Class.

25. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendant, as alleged herein. The Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. The Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in Class Action Litigation and Wage/Hour Employment Litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to pursue their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small relative to the damages due to the class, the expense and burden of individual litigation would make it extremely difficult or impossible for individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. Adjudication of individual litigation claims would result in a great expenditure by the Court and the parties of resources. Treating the claims as a class action would result in a significant reduction in the cost of litigation. Moreover, the prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying judgments towards individual members of the Class, and could establish incompatible standards of future conduct for Defendant. The issues in this action therefore should be decided by means of common, class-wide proof and judgment.

28. Upon information and belief, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a. Whether Defendant misclassified salespersons as exempt in violation of the FLSA.

  b. Whether Defendant failed to pay Plaintiff and other similarly situated employees all overtime compensation due to them by virtue of its designation of employees as exempt.

  c. Whether Defendant paid Plaintiff and other similarly situated employees their regular rate of pay for all hours worked.

  d. Whether Defendant paid Plaintiff and other similarly situated employees the minimum wage for all hours worked.

e. Whether Defendant failed and/or refused to pay Plaintiff and the Class premium pay for hours worked in excess of forty per workweek within the meaning of the New York Law.

f. Whether Defendant failed and/or refused to pay Plaintiff and the Class commissions earned from sales in violation of the requirements of § 191 (c) of the New York Labor Law.

g. Whether Defendant made unlawful deductions to the wages of its employees in violation of N.Y. Labor Law §193.

h. Whether the policies, practices, programs, procedures, protocols, and plans of Defendant regarding payment of commissions were unlawful.

i. Whether Defendant failed to maintain complete and accurate payroll records in violation of § 195.4 of the New York Labor Law.

j. What proof of hours is sufficient where Defendant failed in its duty to maintain accurate records.

k. Whether Defendant failed to provide a daily 30-minute meal break in violation of N.Y. Lab. Law §162 of the New York Labor Law.

l. Whether Plaintiff and other similarly situated employees are entitled to damages, and if so, the means of measuring such damages.

m. Whether Defendant is liable for pre-judgment interest.

n. Whether Defendant is liable for attorney's fees and costs.

## FACTS

30. Plaintiff and others similarly situated worked for Defendant as salespersons.

31. Plaintiff and similarly situated employees often worked in excess of forty hours per week.

32. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees, minimum wages for all time worked.

33. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees at a rate one and one half times the regular rate for hours worked in excess of forty hours per week.

34. Defendant knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

35. Defendant made unlawful deductions from actual commissions earned by Plaintiff and similarly situated salespersons, including deductions for items provided to customers without charge in connection with promotions, deductions for marketing materials and deductions for cancelled sales or items returned under warranty.

36. Defendant improperly shifted to Plaintiff and other similarly situated employees the employer's overhead expenses and/or other expenses related to the cost of doing business.

37. Plaintiff and similarly situated salespersons were required to work five or six days a week from approximately 9:00 a.m. to 9:00 p.m.

38. Defendant failed to provide Plaintiff and other similarly situated employees with a daily 30-minute, uninterrupted meal period.

39. Defendant failed to set forth in writing signed by Plaintiff the terms of Plaintiff's employment, including the basis upon which commissions were to be calculated, the terms of recoverable draw and frequency of reconciliation in violation of Labor Law §191(c).

40. Defendant failed to provide Plaintiff and other similarly situated employees an agreement describing how wages, salary, drawing account, commissions and all other monies earned and payable were to be calculated.

41. Defendant did not and does not maintain accurate records of time worked by Plaintiff and similarly situated salespersons.

42. Defendant was aware that its practices, policies and procedures violated New York Labor Law.

43. Other current and former employees who worked for Defendant as salespersons and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and were not paid proper compensation for all hours worked.

44. Plaintiff and other similarly situated employees sustained substantial losses as a result of Defendant's unlawful deductions from earned commissions, failure to pay wages and overtime, and failure to provide a daily 30 minute meal period.

45. In or about August 2009, Plaintiff Cooper complained to Defendant's management and the human resources personnel about Defendant's wage violations, failure to pay overtime, failure to provide a meal break and unlawful deductions from wages and notified Defendant that he intended to commence this action under the FLSA and NYLL.

46. Defendant unlawfully retaliated against Plaintiff because of his complaints regarding Sleepy's pay practices by subjecting him to unwarranted criticism regarding Plaintiff's job performance, threatening to discharge Plaintiff, and refusing to pay Plaintiff his draw against

commissions. In or about October 2009, Defendant demoted Plaintiff from a management position to salesperson because of his complaints regarding Sleepy's wage violations.

47. On October 30, 2009, Plaintiff commenced this action against Defendant alleging violations of the FLSA and New York Labor Law.

48. On November 20, 2009, Defendant discharged Plaintiff because of his complaints about its failure to pay proper wages and his having brought this lawsuit.

49. Defendant's retaliatory conduct violated the anti-retaliation provisions of the FLSA and New York Labor Law.

50. As a result of Defendant's unlawful and retaliatory conduct, Plaintiff Cooper has suffered and will continue to suffer substantial damages.

**FIRST CLAIM FOR RELIEF**
(FLSA Minimum Wage Violations, 29 U.S.C. § 206)

51. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

52. Defendant is an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, Defendant has employed and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

53. Defendant was required but knowingly failed to promptly pay Plaintiff and similarly situated employees the federal minimum wage for each hour worked.

54. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies and/or practices of willfully failing to promptly pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

55. At all relevant times, Defendant willfully failed to make and preserve the accurate records required by the FLSA with respect to Plaintiff and the other FLSA Collective Plaintiffs.

For example, Defendant failed to maintain records sufficient to accurately determine the daily hours worked by, and the wages paid to, Plaintiff and the other FLSA Collective Plaintiffs.

56. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks to recover unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C § 207)

57. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

58. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so. Defendant was required to promptly pay overtime wages for all such hours worked.

59. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routine and rules of willfully failing and refusing to pay other similarly situated employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

60. At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail to promptly pay Plaintiff and the FLSA Collective Plaintiffs at the required

overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

61.  Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

(New York Labor Law §§ 190 *et seq.* and 650 *et. seq.*)

62.  Plaintiff, on behalf of himself and other similarly situated employees, re-alleges and incorporates by reference all previous paragraphs.

63.  Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees the New York minimum wage for all hours worked.

64.  Defendant failed to furnish Plaintiff and similarly situated employees with accurate records of their wages as required by N.Y. Lab Law § 195 and N.Y. Comp. Code R. & Regs. Tit. 12, § 137-2.2.

65.  As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees pursuant to N.Y. Lab. Law §663.


## FOURTH CLAIM FOR RELIEF

(Unlawful Deductions to Wages, N.Y. Lab. Law. §193)

66. Plaintiff, on behalf of himself and other similarly situated employees, re-alleges and incorporates by reference all previous paragraphs.

67. Defendant made and continues to make unlawful deductions from the commissions earned by Plaintiff and employees who are similarly situated in violation of N.Y. Lab. Law §193.

68. As a result of Defendant's willful and unlawful conduct, Plaintiff and other similarly situated employees are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

(Failure to Provide Meal Break, N.Y. Lab. Law § 162)

69. Plaintiff, on behalf of himself and other similarly situated employees, re-alleges and incorporates by reference all previous paragraphs.

70. Plaintiff and other similarly situated employees regularly worked at least eight hours per day during their employment with Defendant.

71. Defendant failed to provide Plaintiff and other similarly situated employees with a daily 30-minute, uninterrupted meal period, in violation of N.Y. Lab. Law §162.

72. Plaintiff and other similarly situated employees suffered damages as a result of Defendant's failure to provide meal breaks.

73. Plaintiff and other similarly situated employees are entitled to recover their unpaid wages pursuant to N.Y. Lab. Law §162.

## SIXTH CLAIM FOR RELIEF

(Retaliatory Discharge in Violation of Labor Law §215)

74. Plaintiff Phillip Cooper repeats and realleges each and every allegation herein.

75. In or about August 2009, Plaintiff complained to Defendant about its wage violations and notified Defendant of his intention to commence an action against Defendant under the FLSA and New York Labor Law.

76. Defendant retaliated against Plaintiff because of his complaints about its failure to pay wages by subjecting Plaintiff to unwarranted criticism of his job performance and refusing to pay Plaintiff his draw against commissions. In October, 2009, Defendant demoted Plaintiff from a management sales position to salesperson because of Plaintiff's complaints about Defendant's violations of the FLSA and New York Labor Law.

77. On October 30, 2009, Plaintiff commenced this action against Defendant alleging violations of the FLSA and New York Labor Law.

78. On or about November 20, 2009, Defendant discharged Plaintiff because of his complaints about its failure to pay proper wages and his having instituted this lawsuit.

79. As a result of Defendant's unlawful retaliation, Plaintiff suffered and continues to suffer economic and other related injuries.

## SEVENTH CLAIM FOR RELIEF

(Retaliatory Discharge in Violation of FLSA §215)

80. Plaintiff Phillip Cooper repeats and realleges each and every allegation herein.

81. In or about August 2009, Plaintiff complained to Defendant about its wage violations and notified Defendant of his intention to commence an action against Defendant under the FLSA and New York Labor Law.

82. Defendant retaliated against Plaintiff because of his complaints about its failure to pay wages by subjecting Plaintiff to unwarranted criticism of his job performance and refusing to pay Plaintiff his draw against commissions. In October, 2009, Defendant demoted Plaintiff from a management sales position to salesperson because of Plaintiff's complaints about Defendant's violations of the FLSA and New York Labor Law.

83. On October 30, 2009, Plaintiff commenced this action against Defendant alleging violations of the FLSA and New York Labor Law.

84. On or about November 20, 2009, Defendant discharged Plaintiff because of his complaints about its failure to pay proper wages and his having instituted this lawsuit.

85. As a result of Defendant's unlawful retaliation, Plaintiff suffered and continues to suffer economic and other related injuries.

### DEMAND FOR JURY TRIAL

86. Plaintiff, on behalf of himself and other similarly situated employees, hereby demands a jury trial on all causes of action and claims to which Plaintiff has a right to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other covered employees, prays for relief as follows:

a. A Declaratory Judgment that the practices complained of herein are unlawful under the FLSA;

b. Certification of this action as a collective action pursuant to 29 U.S.C. §216(b);

c. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs and their counsel of record as Class Counsel;

16

d. Certification of the New York state law claims as a class action under Rule 23 of the Federal Rules of Civil Procedure;

e. Designation of Plaintiff as representative of the Class;

f. An award of damages, according to proof, including liquidated damages under federal law, to be paid by Defendant;

g. An award to Plaintiff and the Class for commissions owed under the New York Labor Law in an amount to be determined at trial,

i. In the event that this action is not certified as a class action, liquidated damages for Defendant' New York Labor Law violations;

j. An award of damages and such injunctive relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), pursuant to 29 U.S.C. § 216(b);

k. An award to Plaintiff and the Class for the costs of this action incurred herein, including reasonable attorneys fees pursuant to 29 U.S.C. §216 and other applicable statutes; and expert fees;

l. Pre-Judgment and post-judgment interest, as provided by law; and

m. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Farmingdale, New York
December 7, 2009

                                    **FRANK & ASSOCIATES, P.C.**

By:     /s/
Peter A. Romero (PR 1658)
Rashmee Sinha (RS 0329)
500 Bi-County Blvd. Suite 112N
Farmingdale, NY 11735
(631) 756-0400
(631) 756-0547 (fax)
promero@laborlaws.com
rsinha@laborlaws.com

*Attorneys for Plaintiffs*