A. Michael Weber (mweber@littler.com)
Theo E.M. Gould (tgould@littler.com)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------- X

PHILIP COOPER,                              :   No. 09 CV 4696 (LDW)(JO)

                      :

         Plaintiff,      :

                      :   **ANSWER TO FIRST**

   - against -        :   **AMENDED COMPLAINT**

                      :

SLEEPY'S, LLC,               :

                      :        ECF

         Defendant.   ::

--------------------------------------------------------- X

     Sleepy's LLC (hereafter "Defendant"), by its attorneys, Littler Mendelson, P.C., for an answer to Plaintiff's First Amended Complaint ("Complaint"), respond as follows:

### INTRODUCTION

     1.     Deny the allegations in paragraph 1 of the First Amended Complaint, except admit that Plaintiff purport to proceed as set forth therein.

### NATURE OF ACTION

     2.     Deny the allegations in paragraph 2 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

     3.     Deny the allegations in paragraph 3 of the First Amended Complaint, except admit that Plaintiff worked for Defendant from approximately April 4, 2000 until November 17, 2009.

**JURISDICTION AND VENUE**

4.      Deny the allegations in paragraph 4 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

5.      The allegations in paragraph 5 of the First Amended Complaint are allegations of law to which no response is required.

6.      The allegations in paragraph 6 of the First Amended Complaint are allegations of law to which no response is required.

**PARTIES**

7.      Admit that Defendant is a foreign limited liability corporation with an office at 1000 South Oyster Bay Road, Hicksville, New York 11801, and prior to September 26, 2009, Defendant maintained an office at 175 Central Avenue, Bethpage, New York 11714.

8.      Deny the allegations in paragraph 8 of the First Amended Complaint, except admit that Defendant is a mattress and bedding retailer in the United States.

9.      Deny the allegations in paragraph 9 of the First Amended Complaint.

10.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint.

11.      Deny the allegations in paragraph 11 of the First Amended Complaint.

12.      Deny the allegations in paragraph 12 of the First Amended Complaint, except admit that Plaintiff received commissions as part of his compensation.

13.      Deny the allegations in paragraph 13 of the First Amended Complaint.

14.      Deny the allegations in paragraph 14 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.    Deny the allegations in paragraph 15 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

16.    Deny the allegations in paragraph 16 of the First Amended Complaint.

17.    Deny the allegations in paragraph 17 of the First Amended Complaint.

18.    Deny the allegations in paragraph 18 of the First Amended Complaint.

19.    Deny the allegations in paragraph 19 of the First Amended Complaint.

20.    Deny the allegations in paragraph 20 of the First Amended Complaint.

21.    Deny the allegations in paragraph 21 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.    Deny the allegations in paragraph 22 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

23.    Deny the allegations in paragraph 23 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

24.    Deny the allegations in paragraph 24 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

25.    Deny the allegations in paragraph 25 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

26.    Deny the allegations in paragraph 26 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

27.    Deny the allegations in paragraph 27 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

28.     Deny the allegations in paragraph 28 of the First Amended Complaint.

29.     Deny the allegations in paragraph 29 of the First Amended Complaint.

## FACTS

30.     Deny the allegations in paragraph 30 of the First Amended Complaint, except admit that Defendant employs Sales Professionals.

31.     Deny the allegations in paragraph 31 of the First Amended Complaint.

32.     Deny the allegations in paragraph 32 of the First Amended Complaint.

33.     Deny the allegations in paragraph 33 of the First Amended Complaint.

34.     Deny the allegations in paragraph 34 of the First Amended Complaint.

35.     Deny the allegations in paragraph 35 of the First Amended Complaint.

36.     Deny the allegations in paragraph 36 of the First Amended Complaint.

37.     Deny the allegations in paragraph 37 of the First Amended Complaint.

38.     Deny the allegations in paragraph 38 of the First Amended Complaint.

39.     Deny the allegations in paragraph 39 of the First Amended Complaint.

40.     Deny the allegations in paragraph 40 of the First Amended Complaint.

41.     Deny the allegations in paragraph 41 of the First Amended Complaint.

42.     Deny the allegations in paragraph 42 of the First Amended Complaint.

43.     Deny the allegations in paragraph 43 of the First Amended Complaint.

44.     Deny the allegations in paragraph 44 of the First Amended Complaint.

45.     Deny the allegations in paragraph 45 of the First Amended Complaint.

46.     Deny the allegations in paragraph 46 of the First Amended Complaint.

47.     Deny the allegations in paragraph 47 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

48.     Deny the allegations in paragraph 48 of the First Amended Complaint.

49.     Deny the allegations in paragraph 49 of the First Amended Complaint.

50.     Deny the allegations in paragraph 50 of the First Amended Complaint.

## FIRST CLAIM

51.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

52.     Deny the allegations in paragraph 52 of the First Amended Complaint, except as to where the allegations are allegations of law to which no response is required.

53.     Deny the allegations in paragraph 53 of the First Amended Complaint, except as to where the allegations are allegations of law to which no response is required.

54.     Deny the allegations in paragraph 54 of the First Amended Complaint.

55.     Deny the allegations in paragraph 55 of the First Amended Complaint.

56.     Deny the allegations in paragraph 56 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## SECOND CAUSE OF ACTION

57.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

58.     Deny the allegations in paragraph 58 of the First Amended Complaint.

59.     Deny the allegations in paragraph 59 of the First Amended Complaint.

60.     Deny the allegations in paragraph 60 of the First Amended Complaint.

61.     Deny the allegations in paragraph 61 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## THIRD CAUSE OF ACTION

62.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

63.     Deny the allegations in paragraph 63 of the First Amended Complaint.

64.     Deny the allegations in paragraph 64 of the First Amended Complaint, except as to where the allegations are allegations of law to which no response is required.

65.     Deny the allegations in paragraph 65 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION

66.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

67.     Deny the allegations in paragraph 67 of the First Amended Complaint.

68.     Deny the allegations in paragraph 68 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

69.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

70.     Deny the allegations in paragraph 70 of the First Amended Complaint.

71.     Deny the allegations in paragraph 71 of the First Amended Complaint.

72.     Deny the allegations in paragraph 72 of the First Amended Complaint.

73.     Deny the allegations in paragraph 73 of the First Amended Complaint.

## SIXTH CAUSE OF ACTION

74.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

75.     Deny the allegations in paragraph 75 of the First Amended Complaint.

76.     Deny the allegations in paragraph 76 of the First Amended Complaint.

77.     Deny the allegations in paragraph 77 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

78.     Deny the allegations in paragraph 78 of the First Amended Complaint.

79.     Deny the allegations in paragraph 79 of the First Amended Complaint.

## SEVENTH CAUSE OF ACTION

80.     Defendant realleges and incorporates by reference its answers to all previous paragraphs as if set forth fully herein.

81.     Deny the allegations in paragraph 81 of the First Amended Complaint.

82.     Deny the allegations in paragraph 82 of the First Amended Complaint.

83.     Deny the allegations in paragraph 83 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

84.     Deny the allegations in paragraph 84 of the First Amended Complaint.

85.     Deny the allegations in paragraph 85 of the First Amended Complaint.

## DEMAND FOR JURY TRIAL

86.     Deny the allegations in paragraph 86 of the First Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## PRAYER FOR RELIEF

Deny that Plaintiff is entitled to any relief and deny the allegations and relief sought in the Wherefore clause and all subsections thereof.

## <u>DEFENSES</u>

## <u>FIRST DEFENSE</u>

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted

as a matter of fact and/or law.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or other equitable defenses.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

## FIFTH DEFENSE

Plaintiff cannot establish a willful violation under the Fair Labor Standards Act or the New York Labor Law.

## SIXTH DEFENSE

Plaintiff's claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendant were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York or Federal law.

## SEVENTH DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the Fair Labor Standards Act and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## EIGHTH DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid for periods not compensable under the Fair Labor Standards Act or New York

Labor Law.

## NINTH DEFENSE

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## TENTH DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages or attorneys' fees may be awarded.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *de minimus* doctrine.

## TWELFTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

Plaintiff and/ or Plaintiff's counsel cannot establish or satisfy the requirements for a class action and class representation pursuant to FRCP 23 and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the Fair Labor Standards Act or the New York Labor Law.

## FIFTEENTH DEFENSE

Defendant properly maintained and notified its employees of its commissions policy, and Plaintiff was aware of the policy.

**SEVENTEENTH DEFENSE**

Defendant maintained all required records as required by the Fair Labor Standards act and/or New York State law.

**EIGHTEENTH DEFENSE**

Defendant provided meal breaks for its employees as required by New York State law.

**NINETEENTH DEFENSE**

To the extent Plaintiff failed to exhaust his administrative remedies with respect to any claim, such claims are barred.

**TWENTIETH DEFENSE**

Any and all actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory factors, and were made in good faith and in compliance with all applicable laws.

**TWENTY-FIRST DEFENSE**

Plaintiff was at all times an employee at-will, and had no express, implied, oral, or written contract of employment with Defendant and could have been laid-off or terminated at any time, with or without just cause.

**TWENTY-SECOND DEFENSE**

Plaintiff is unable to identify any similarly situated individuals who were treated more favorably than him with regard to the allegations contained in the Complaint.

**TWENTY-THIRD DEFENSE**

Without conceding in any way the allegations of the Complaint, at all times relevant to this action, Defendant exercised reasonable care to prevent and/or correct promptly any unlawful conduct such as that alleged in the Complaint. Defendant has maintained and enforced policies

prohibiting discrimination and harassment, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies, has made those polices and procedures available to its employees, has promptly investigated complaints of discrimination and harassment, and has taken corrective action where appropriate.  To the extent that Plaintiff notified Defendant of any actual or perceived discrimination or harassment and/or availed himself of the preventive and corrective opportunities, Defendant promptly investigated and to the extent appropriate, took corrective action.

## TWENTY-FOURTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

## TWENTY-FIFTH DEFENSE

All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to his employment were made without malice, ill will, fraud, oppression or any other improper motive.

## TWENTY-SIXTH DEFENSE

Plaintiff fails to state facts sufficient to support an award of punitive or multiple damages against Defendant.

## TWENTY-SEVENTH DEFENSE

If Plaintiff suffered any economic injury as a result of any alleged actions by Defendant, Plaintiff had a duty to mitigate damages, and, upon information and belief, failed to do so.

## TWENTY-EIGHTH DEFENSE

Even if Plaintiff were able to prove that Defendant's actions and decisions were motivated, in part, by unlawful discriminatory intent, Plaintiff's claims still fail because Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

## TWENTY-NINTH DEFENSE

To the extent that Plaintiff engaged in misconduct, violated Defendant's policies, or engaged in other conduct that would have resulted in his discharge, or would have precluded him from obtaining employment with Defendant, had/ when Defendant discovered such conduct, Plaintiff's recovery is limited and/or barred. Further, Plaintiff's discharge from Defendant bars and/or limits his recovery in this action.

## THIRTIETH DEFENSE

In whole or in part, Plaintiffs qualified as exempt employees under the Fair Labor Standards Act or the New York Labor Law, and all conditions to qualify for such exemption were met.

## THIRTY-FIRST DEFENSE

To the extent that any of Defendant's employees engaged in any of the conduct described in the Complaint, such actions were outside of the scope of their employment, were contrary to the policies and directives of Defendant, and not done in furtherance of Defendant's business interests.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

## THIRTY-FOURTH DEFENSE

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant requests judgment against Plaintiff with respect to his claims asserted herein, dismissing the Complaint in the above action, and request judgment in favor of Defendant, together with costs and disbursement of the above-entitled action and any other relief this Court may deem just and proper.

Date:   February 1, 2010
New York, New York

/s/A. Michael Weber
A. Michael Weber (mweber@littler.com)
Theo E.M. Gould (tgould@littler.com)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
                                                   X
PHILIP COOPER,
                                                   :   No. 09 CV 4696 (LDW)(JO)
                          Plaintiff,               :
                                                   :
            - against -                            :   **CERTIFICATE OF SERVICE**
                                                   :
SLEEPY'S, LLC,                                     :
                                                   :
                          Defendant.               :
                                                   :
----------------------------------------------------------- X

I hereby certify that on February 1, 2010, I served the foregoing Answer on the following

by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems,

upon:

> **Peter Arcadio Romero, Esq.**
> **Rashmee Sinha, Esq.**
> Frank & Associates P.C.
> Attorneys for Plaintiffs
> Email: promero@laborlaws.com
> rsinha@laborlaws.com

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 1st day of February, 2010 in New York, New York.

                                        By: /s/ A. Michael Weber
                                            A. Michael Weber

14